

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# USA v. Gunter

Precedential or Non-Precedential: Precedential

Docket No. 07-1291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gunter" (2008). *2008 Decisions.* Paper 945.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/945

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――

No. 07-1291

―――――

UNITED STATES OF AMERICA,

v.

JOHNNY GUNTER,

*Appellant*

―――――

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00295-01)
District Judge: Honorable James T. Giles

―――――

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2008

Before: FISHER, JORDAN, and VAN ANTWERPEN,
*Circuit Judges*.

(Filed: June 9, 2008)

David L. McColgin, Esq.
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

     *Counsel for Appellant*

Francis C. Barbieri, Jr., Esq.
Robert A. Zauzmer, Esq.
Office of United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106

     *Counsel for Appellee*

———

## OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Johnny Gunter appeals the judgment of sentence entered by the District Court following resentencing. Appellant contends that the District Court erred in: (1) failing to understand its discretion to consider Appellant's arguments relating to disparities created by the crack-to-powder ratio; and (2) imposing a concurrent sentence on Count 5 in excess of the statutory maximum. Although we will affirm the overall length of the sentence because the District Court properly followed this Circuit's and the Supreme Court's case law, we will vacate the concurrent sentence imposed on Count 5 and remand with orders for the District Court to reduce the

2

sentence on Count 5 to 120 months.

I.

The underlying facts of this criminal case were discussed in some detail in *United States v. Gunter*, 462 F.3d 237, 238-39 (3d Cir. 2006), and therefore do not need to be discussed again at length. We write precedentially to discuss the impact on this case of recent Supreme Court cases.

Detectives found Gunter in a motel with 72.5 grams of crack and a loaded 0.25 caliber firearm. Gunter was indicted for conspiracy to distribute in excess of 50 grams of crack (in violation of 21 U.S.C. § 846), possession with intent to distribute in excess of 50 grams of crack (in violation of 21 U.S.C. § 841(a)(1)), possession of crack with the intent to distribute within 1,000 feet of a school (in violation of 21 U.S.C. § 860(a)), carrying a firearm during and in relation to a drug trafficking crime (in violation of 18 U.S.C. § 924(c)), and possession of a firearm by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)). He was convicted on all charges by a jury.

Gunter asked the District Court to sentence him below his Guidelines range on several grounds, including the "disparity" created by the longer sentences recommended for offenses involving crack cocaine. The District Court refused to do so, stating that it could not "second guess Congress' . . . intent." We reversed and remanded for resentencing.

Upon remand pursuant to our precedential opinion in *Gunter*, the District Court held a second sentencing hearing on January 24, 2007. The District Court adopted the Guidelines range from the first sentencing hearing, which included a range of 235 to 293 months' imprisonment for the

3

drug offenses plus a consecutive 60 months' imprisonment for the 18 U.S.C. § 924(c) offense. This led to a total Guidelines range of 295 to 353 months' imprisonment. The District Court imposed a below-Guidelines sentence of a total of 283 months' imprisonment.[1] Appellant appeals from that sentence.

## II.

The District Court had subject matter jurisdiction over this criminal prosecution pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Notice of Appeal was timely filed on January 26, 2007.

This Court reviews sentences for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . The court need not discuss every argument made by a litigant . . . ." *Id.* at 329. Where the appellant/defendant contends that the district court made a mistake of law, our review is plenary. *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

In *Gall v. United States*, 128 S. Ct. 586, 597-98 (2007), the United States Supreme Court held that sentencing decisions by the district courts are to be reviewed under a deferential abuse of discretion standard. "We may not reverse the district court simply because we would have imposed a different sentence." *United States v. Wise*, 515 F.3d 207, 218

---

[1] The term of imprisonment of 283 months was due to concurrent sentences of 223 months on Counts 1, 2, 3, and 5, and a consecutive sentence of 60 months on Count 4.

(3d Cir. 2008) (citing *Gall*, 128 S. Ct. at 597). A sentencing court should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall*, 128 S. Ct. at 598 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). We noted in *United States v. Jackson*, — F.3d — (3d Cir. 2008), that *"Cooper* continues to be the law in this Circuit, but we will read it in light of *Gall*." In similar fashion, the Supreme Court stated in *Rita v. United States*, 127 S. Ct. 2456, 2469 (2007): "Where a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." District courts have broad discretion in sentencing. *See, e.g., United States v. Regalado*, 518 F.3d 143, 146 (2d Cir. 2008); *United States v. Martin*, 520 F.3d 87, 92 (1st Cir. 2008). Nevertheless, "[a] district court by definition abuses its discretion when it makes an error of law." *Wise*, 515 F.3d at 217 (quoting *Koon*, 518 U.S. at 100).

## III.

In *United States v. Gunter*, this Court ruled that district courts must use the following three-step process for sentencing:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a

departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*Gunter*, 462 F.3d at 247 (internal quotation marks, citations, and alterations omitted). "The Supreme Court's opinion in *Gall* reemphasizes the post-*Booker* sentencing structure set forth in this Court's precedent." *Wise*, 515 F.3d at 216.

Appellant argues that although the District Court recognized correctly that it could not establish a new crack-to-powder ratio for purposes of calculating the Guidelines range under Step 1, the District Court incorrectly concluded that it could not disagree with the Guidelines at Step 3 solely on policy grounds. Appellant singles out particular statements in the sentencing colloquy to support his position. However, we review the sentencing transcript as a whole and "will not elevate form over substance." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006). Nor are there certain magic words that the court must invoke. *Cooper*, 437 F.3d at 332. We have reviewed the entire sentencing transcript in this case, and while it could be clearer, we believe the District Court was cognizant of and acted consistent with the caselaw of this Circuit and recent rulings of the Supreme Court pertaining to the crack-to-powder ratio.

Once Steps 1 and 2 of the sentencing process are completed, *Gunter* allows district courts to consider the crack-to-powder ratio along with the 3553(a) factors at Step 3 when sentencing defendants, noting that "the District Court erred under *Booker* in treating the crack/powder cocaine sentencing differential . . . as mandatory." *Gunter*, 462 F.3d at 248-49. Nevertheless, *Gunter* prohibits categorical rejection of the 100:1 ratio. *Id*. at 249 ("[W]e do not suggest (or even hint) that the Court categorically reject the 100:1 ratio and substitute its own, as this is *verboten*.") (italics in original). On the surface, these two principles appear to conflict somewhat.

This Court used its decision in *United States v. Ricks*, 494 F.3d 394 (3d Cir. 2007), to clear up any confusion in the *Gunter* holding. The Court began by noting that district courts should first calculate the correct Guidelines range and rule on any departure motions. *Id.* at 398. This obviously means that a correct Guidelines calculation must be made using the applicable Guidelines crack-to-powder ratio. Failure to properly calculate the Guidelines is a procedural error that requires remand unless the error is harmless. *Gall*, 128 S. Ct. at 597; *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008). *Ricks* further explained that at Step 3, the district court cannot categorically disagree with the crack-to-powder sentencing disparity; rather, the district court may consider the disparity, but only in reference to individual, case-specific factors under 18 U.S.C. § 3553(a). *Ricks*, 494 F.3d at 402-03. The Court stated: "In short, a district court may, at step three, view the sentencing disparity as too vast. However, it must do so as applied to the *particular* defendant that appears before the court." *Id.* at 403 (emphasis added).

*Ricks* was followed by the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007)*.* The

7

Supreme Court stated that district courts must treat the Guidelines as the starting point. *Id.* at 574. As previously noted, the Guidelines must be properly calculated. *Gall*, 128 S. Ct. at 597. The Court in *Kimbrough* then stated: "[I]t would not be an abuse of discretion for a district court to conclude when sentencing a *particular* defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 128 S. Ct. at 575 (emphasis added). The Court noted that "the [District Court] did not purport to establish a ratio of its own. Rather, it appropriately framed its final determination in line with § 3553(a)'s overarching instruction . . . ." *Id.* This language is consistent with our statements in *Ricks* and *Gunter*. *Wise*, 515 F.3d at 222.

Simply put, a district court may not employ a "rubber stamp" approach that categorically rejects the crack/powder disparity without an individualized assessment of the § 3553(a) factors and the facts of a particular case. Such an approach would be tantamount to the district court setting its own crack/powder ratio, which *Gunter* and *Ricks* forbid. *Gunter*, 462 F.3d at 249; *Ricks*, 494 F.3d at 402-03. Nevertheless, even in an ordinary case, the district court may determine that the crack/powder ratio yields a sentence that is greater than necessary after giving proper consideration to the § 3553(a) factors and the circumstances of the particular case. The district court would then be free to disagree with the policy underlying the crack/powder ratio *as applied to that particular defendant* and make an appropriate downward variance in its sentence. The difference between what a court may do and may not do goes beyond mere words. There must be meaningful consideration of the § 3553(a) factors and the

8

particular circumstances[2] of the case before a variance is made.

IV.

At resentencing, the Appellant/Defendant asked the District Court to consider the Sentencing Commission's findings and reports which were critical of the crack-to-powder cocaine ratio. Counsel argued that cocaine powder and crack cocaine are not different pharmacologically, are both addictive, and Congress's reasons for creating the ratio are not "totally accurate." Counsel briefly alluded to the fact that there was no violence in this case, but most of his arguments at sentencing concerned only general policy. The District Court responded: "[Y]ou're asking me indirectly to second guess the Sentencing Commission or the Congress . . . to come up with a ratio [that is] something else. . . . [A]s I understand *Gunther* [sic], that's verboten." *App.* at 30. The District Court was quoting from the *Gunter* decision, and its statement is entirely correct under the holdings of *Gunter*, *Ricks*, and *Kimbrough*. The District Court went on to note that it understood the advisory nature of the Guidelines. *See App.* at 57. The District Court also stated that it had considered Appellant's arguments about the 100:1 ratio and that it did not have "the ability to substitute its own ratio for

---

[2] *Booker* contemplates that the district court will impose a discretionary sentence after consideration of the Presentence Report, as well as the advisory Guidelines, the grounds properly raised by counsel, the defendant's allocution, any victim statements, and other relevant evidence. *United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006). Although the district court should consider these things, it does not necessarily follow that the court must include all of them in its discussion. *Rita*, 127 S. Ct. at 2469; *Cooper*, 437 F.3d at 329.

what the Sentencing Commission or Congress has decided is appropriate." *App.* at 58. The District Court carefully considered all of the relevant § 3553(a) factors and made a variance below the Guidelines range, noting in particular Appellant's "efforts at reducing the chances of recidivism and increasing the chances for successful supervised release." *App.* at 58-59. The below-Guidelines variance further illustrates the District Court's understanding of the advisory nature of the Guidelines.

Appellant singles out the District Court's statement that "I don't think that I'm permitted to dissect and disagree with what I've already calculated to be an appropriate pre-*Booker* calculation." *App.* at 31. Review of the language of the District Court preceding this statement makes it clear that the District Court was referring only to its inability to categorically disagree with the crack-to-powder ratio on policy grounds by establishing its own general ratio. The District Court stated "I am permitted to . . . consider the overall calculation . . . and determine whether or not that advisory range is a reasonable range under the circumstances for this *particular* individual defendant, considering other factors under 3553(a)." *App.* at 31 (emphasis added). As we noted in *Cooper*, a district court's statements at sentencing "are addressed primarily to the case at hand and are unlikely to be a perfect and complete statement of all the surrounding law." *Cooper*, 437 F.3d at 330 n.8 (citations omitted); *see also Dragon*, 471 F.3d at 506 (stating "we will not elevate form over substance").

Appellant's arguments on appeal are for the most part similar to those advanced at sentencing. He does not point to case-specific facts that would warrant a downward variance for this particular defendant consistent with the holdings of *Gunter*, *Ricks*, and *Kimbrough*. Rather, Appellant singles out

particular portions of the sentencing colloquy and argues that the District Court incorrectly concluded that it could not vary from the crack cocaine Guidelines. Because the District Court complied with the controlling case law of this Circuit and the Supreme Court, this Court will affirm the overall length of the District Court's sentence.

Finally, Appellant argues that the District Court's concurrent sentence of 223 months on Count 5, which charged a violation of 18 U.S.C. § 922(g), exceeded the statutory maximum. The statutory maximum for violations of 18 U.S.C. § 922(g) is 10 years. 18 U.S.C. § 924(a)(2). The Government concedes that this constituted plain error, and we agree. Therefore, the District Court should reduce the concurrent sentence on Count 5 to no more than 120 months. This change does not affect the overall sentence of 283 months' imprisonment.[3]

V.

For the foregoing reasons, this Court will vacate the sentence on Count 5 and will remand to the District Court to reduce the sentence on Count 5 to no more than 120 months. However, this Court will affirm Appellant's conviction and sentence in all other respects.

---

[3] We note that nothing in this opinion prejudices whatever rights Appellant may have to seek resentencing under 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the Sentencing Guidelines, which has the effect of decreasing the base offense level by two levels for crack cocaine offenses. U.S.S.G. Supp. to App'x C, Amend. 706. *See Wise*, 515 F.3d at 219-21.