

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2008

# USA v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Martinez" (2008). *2008 Decisions.* Paper 782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3008

———————

UNITED STATES OF AMERICA

v.

RAFAEL MARTINEZ, JR.,
                                   Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 04-cr-00147-4)
District Judge:  The Honorable Joseph A. Greenaway

———————

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2008

———————

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed: July 29, 2008)

———————

OPINION

———————

BARRY, Circuit Judge

    Rafael Martinez, Jr. appeals his sentence of 121 months' imprisonment for

conspiring to distribute cocaine.  We will affirm.

# I.

Martinez was arrested on February 26, 2004 moments after he and several associates sold approximately 3.3 kilograms of cocaine to an undercover drug enforcement officer. Several months later, he entered into a cooperating plea agreement with the government under which he agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 500 grams of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846, and the government agreed to move for a downward departure on his behalf were he to render substantial assistance.

Subsequent to entering his plea of guilty, but before his sentencing, Martinez was arrested and convicted in Virginia for conspiracy to distribute and possess with the intent to distribute 1 kilogram of cocaine. As a result of this Virginia conviction, the presentence investigation report ("PSR") recommended that he not receive a downward adjustment in his offense level for acceptance of responsibility because "[h]is conduct is not illustrative of an individual who is truly remorseful for the crimes with which he has been charged." Martinez's attorney objected in two letters to the Court, arguing that

> [t]he conduct for which he was arrested in Virginia was undertaken by him in furtherance of [his plea] agreement. *Even though the Government did not authorize it*, he was attempting to secure the confidence of a potential target [named "Victor"]—one whose name and contact information he had shared with DEA agents.

(App. at 6) (emphasis added.)

Martinez's attorney continued this argument at the sentencing hearing, and asserted, for the first time, that phone records would support his contention that Martinez had spoken with his DEA handlers about "Victor" in the days leading up to his arrest in Virginia. The government disputed Martinez's assertion that he had previously provided it with information about "Victor," and advised the District Court that Martinez's handlers had not heard from him for several months before his arrest. Given the factual dispute and believing that Martinez was attempting to show that he had purchased the drugs with the government's imprimatur, the Court initially believed that the sentencing hearing should be adjourned so that additional facts could be gathered. After it became clear that Martinez was not claiming that his handlers had *approved* the purchase that led to the Virginia conviction—he was only attempting to show that he had provided the DEA with information about "Victor" prior to his arrest, a position the Court was "willing to accept" – the Court concluded that an adjournment was not necessary. The Court declined, however, to award a downward adjustment for acceptance of responsibility given that Martinez's claim that he told the DEA about "Victor" "doesn't contradict the fact that he engaged in criminal conduct."

With an offense level of 28 and a criminal history category of III, the District Court calculated Martinez's range of imprisonment to be 97 to 121 months and imposed a

sentence of 121 months' imprisonment, to be followed by a 5-year period of supervised release. This timely appeal followed.[1]

## II.

Martinez argues that: (1) the District Court erred by refusing to adjourn the sentencing hearing so that he could gather additional evidence in support of his motion for a downward adjustment for acceptance of responsibility; (2) the Court erred by not granting him that downward adjustment; (3) the Court failed to give "meaningful consideration" to the factors set forth in 18 U.S.C. § 3553(a); and (4) the sentence imposed by the Court was not reasonable.[2]

### A. Adjournment Request

We have little difficulty concluding that the District Court's decision to proceed with sentencing as scheduled did not constitute an abuse of discretion. *See Gov't of V.I. v. Charleswell*, 115 F.3d 171, 174 (3d Cir. 1997) (stating that the decision to grant or deny an adjournment request "is traditionally within the discretion of the trial judge who must be given wide latitude in arranging the court's schedule"). Because the Court

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Martinez also argues that his attorney's failure to properly investigate the circumstances surrounding his arrest and conviction in Virginia and to adequately present the facts to the District Court at the sentencing hearing constituted ineffective assistance of counsel. We generally do not entertain claims of ineffective assistance of counsel on direct appeal, and will not do so now. *See, e.g., United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (stating that "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack").

assumed for purposes of sentencing the only fact that Martinez sought to prove (i.e., that he had spoken with the agents about "Victor" prior to his arrest), there was no reason that the sentencing hearing could not move forward.

## B. Sentencing Challenges

"*Booker* contemplates that the district court will impose a discretionary sentence after consideration of the [PSR], as well as the advisory Guidelines, the grounds properly raised by counsel, the defendant's allocution, any victim statements, and other relevant evidence." *United States v. Gunter*, 527 F.3d 282, ___ n.2 (3d Cir. 2008). To accomplish this goal, the district court must sentence defendants using a three-step process. First, it "must begin the process by correctly calculating the applicable Guidelines range." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008). Next, it must formally rule on any motions for departure. *Id.* "Finally, after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence to impose." *Id.* at 216-17. "If we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *Id.* at 218.

Martinez contends, first, that he was entitled to a lower offense level based on his acceptance of responsibility. We review a district court's decision to grant or deny a defendant's motion for a downward adjustment on this ground for clear error. *United*

*States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998) (stating that "the District Court's decision whether to grant the adjustment is entitled to 'great deference' on review because 'the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility'") (quoting USSG § 3E1.1 cmt. n.5).

The application notes indicate that among the considerations a court should take into account when determining whether a defendant is entitled to a downward adjustment for acceptance of responsibility is whether the defendant has voluntarily terminated or withdrawn from criminal conduct, USSG § 3E1.1 cmt. n.1 (2006), and that

> [e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). *However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*

Id. cmt. n.3 (emphasis added).

The District Court denied Martinez's motion for a downward adjustment for acceptance of responsibility on the ground that his post-guilty plea conviction in Virginia demonstrated that he had not fully withdrawn from criminal conduct. Although Martinez tried to explain away his conduct as an attempt—"albeit in a foolhardy and ham-fisted manner—to merit a downward departure for substantial cooperation" (App. at 23), it is undisputed that he undertook this criminal activity without the approval of the

6

government.  Accordingly, the Court did not clearly err in denying the motion for a downward adjustment.

Martinez also contends that the District Court failed to give meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a) and that his sentence was otherwise unreasonable.  We disagree.  In arguing for a term of imprisonment of only 60 months, a sentence far below the applicable Guidelines range of 97 to 121 months' imprisonment, Martinez highlighted his willingness to plead guilty, that this was his first felony conviction, that the crime was not a crime of violence, and that he had a wife and children who relied on him for financial support.  Prior to sentencing him to the top of the recommended range, the Court stated:

> Mr. Martinez has submitted many letters from family members and other loved ones on his behalf, all of which paints a wonderful picture of him as a person.
>
> But that is only part of what this Court must take into account in arriving at an appropriate sentence.  Mr. Martinez is also an accomplished drug dealer.  He has access to and was involved in deals that were multiple kilograms.  The [PSR] points that out.  The facts of – and, of course, that's relevant conduct the Court should take into account.
>
> When he pled guilty to – what he pled guilty to was approximately a three and a half kilogram deal, and what he shared at the time of the deal certainly talked about his ability to do large deals and the fact that he had done many large deals before.
>
> All of this certainly tells this Court that the nature and circumstances of the offense and history and characteristics of this particular defendant requires this Court to not allow the leniency that counsel has alluded to on his client's behalf.
>
> Mr. Martinez has a large extended family, but, obviously, this Court must consider and take into account those who have no voice, and that is those who have been subject to the drugs that Mr. Martinez has brought into

our area. As such, it is my firm desire that this sentence take into account those who cannot speak for themselves.

(App. at 74-75.)

We are more than satisfied that the District Court gave meaningful consideration to the section 3553(a) factors and conclude that it did not abuse its discretion in sentencing Martinez to a term of imprisonment of 121 months.

**III.**

For the foregoing reasons, we will affirm the judgment of sentence.