

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# USA v. Perdomo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3034

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Perdomo" (2008). *2008 Decisions.* Paper 303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  07-3034

UNITED STATES OF AMERICA

v.

LUIS PERDOMO

Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
District Court No. 06-cr-00073-2
District Judge: The Honorable Thomas I. Vanaskie

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge*[*]

(Filed: October 30, 2008)

———

OPINION

———

Thompson, *District Judge*.

## I.    Background

_____

[*] The Honorable Anne E. Thompson, Senior United States District Judge for the District Court of New Jersey, sitting by designation.

1

Appellant Luis Perdomo filed this appeal from the sentence imposed on him by the District Court on June 26, 2007 in connection with his robbery of a gun store at gun-point and brutal beating of the store's owner. Pursuant to a plea agreement, Appellant pleaded guilty to the second and third counts of a four count indictment: one count of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The District Court adopted the conclusions of the pre-sentence report, which set the offense level for the second count at 27 and concluded that the third count required a mandatory 84 month sentence to run consecutively to whatever sentence would be imposed on the second count. Given Appellant's Category I criminal history, the Guidelines range on count two was 70 to 87 months, to be followed by the mandatory 84 months on count three. At the sentencing hearing, Appellant's counsel indicated that he had no objections to this Guidelines calculation, and Appellant has not challenged it on appeal.

In advance of sentencing, Appellant submitted a sentencing memorandum, arguing for a sentence below the Guidelines range on two grounds: that his conduct was aberrational as compared to his prior conduct and that he was likely to be deported at the conclusion of his sentence. Appellant also submitted an additional letter urging a lesser sentence. Also before the District Court was the Government's motion to depart downward under Guidelines § 5K1.1, in recognition of his substantial assistance to the Government in providing trial testimony against one of his co-defendants.

After conducting a hearing at which the District Court heard additional argument and testimony in support of Appellant's arguments for a sentence below the Guidelines range, the District Court imposed a sentence of 12 years, consisting of 60 months on count two and the mandatory consecutive 84 months on count three. The 60 months on count two was 10 months below the bottom of the Guidelines range.

On appeal, Appellant challenges his sentence on the grounds that the District Court (1) only considered his aberration argument in determining whether to depart under the Guidelines but not as a factor in its 18 U.S.C. § 3553(a) analysis and (2) did not consider his deportation argument at all, thus failing to provide a sufficient record for a reviewing court to determine the reasonableness of the sentence.

## II.  Analysis

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  In reviewing criminal sentences, this Court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range."  Gall v. United States, 128 S. Ct. 586, 597 (2007).  Second, a reviewing court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id.

3

Appellant's arguments on appeal primarily concern the procedure employed by the District Court in reaching its sentencing decision, that is, the District Court's alleged failure to address certain of Appellant's arguments at the sentencing hearing. This Court finds that the District Court committed no error and will therefore affirm its sentence.[1]

A.     Aberration

*First*, the District Judge fully considered Appellant's aberration argument along with the other evidence and testimony Appellant presented, for the purposes of reaching a reasonable sentence in consideration of the § 3553(a) factors. The Judge stated explicitly that "were it not for [the presentations made before the Court], you'd be looking at a sentence well above the advisory Guideline range in this case." (App. A-34.) Addressing the aberration argument specifically, the Judge stated that "[i]t is not aberrational, as well, I want to make this point, because it was planned over a period of a couple of weeks. ... Were it not for ... the information in the letters that have been provided to me that, otherwise, that you had been a person that this was something that would not have been expected ... you'd be looking at a much lengthier sentence in this case." (App. A-34.) The Judge made these comments in the context of a full consideration of the § 3553(a) factors, not in discussing a departure within the Guidelines.

---

[1] On appeal, Appellant appears to conflate arguments regarding sentencing procedures with arguments regarding the substantive reasonableness of the sentence imposed. To the extent Appellant does in fact argue on appeal that the sentence imposed was substantively unreasonable, this Court finds that the District Court did not abuse its discretion in imposing Appellant's sentence and therefore affirms the sentence on this ground as well.

4

*Second*, a sentencing judge is not required to explicitly discuss every argument made by a defendant at sentencing. Instead, the record must be clear that the District Court gave "meaningful consideration to the § 3553(a) factors." United States v. Gunter, 527 F.3d 282, 284 (3d Cir. 2008) (internal quotations omitted). Here, there is no question that the District Judge considered the § 3553(a) factors, as his discussion reflects careful consideration of these factors, including the Guidelines advisory range, the severity of the crime, the need for a just punishment and for deterrence, restitution to the victim and the history and characteristics of Appellant.

   B.   Deportation

While the District Court did not address Appellant's deportation argument explicitly, we again note, as above, that the District Court explicitly commented that it considered the arguments and evidence before it in making its decision, conducted a full analysis of the § 3553(a) factors as required under Gall and was under no obligation to mention each argument asserted by Appellant. Thus, the District Court committed no error in not directly discussing Appellant's deportation argument.

## III.   Conclusion

For the reasons stated above, the judgment of the District Court is affirmed.