

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# USA v. Ingram

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ingram" (2008). *2008 Decisions*. Paper 197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3678
_____

UNITED STATES OF AMERICA

v.

JUBA INGRAM,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:07-cr-0048)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 17, 2008

Before: SCIRICA, Chief Judge, FUENTES, and HARDIMAN, Circuit Judges.

(Filed: November 25, 2008 )

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Following his conviction for conspiracy to distribute and to possess with intent to

1

distribute heroin, in violation of 21 U.S.C. § 846, the District Court sentenced Juba

Ingram to 132 months imprisonment followed by three years of supervised release.

Ingram challenges his sentence, arguing that (1) the District Court erred in finding that he

was a career offender; (2) the District Court failed to recognize its authority to grant a

downward departure on the basis of an overstated criminal history, or a combination of

factors; and (3) his sentence was unreasonable.[1]  We conclude that these arguments are

without merit and will affirm the sentence.

I.

The District Court found that Ingram was a career offender as defined in United

States Sentencing Guidelines ("Guidelines") § 4B1.1 based on prior convictions for a

controlled substance offense and crimes of violence, in particular: (1) manufacturing,

distributing, or dispensing a controlled substance on July 25, 1988; (2) robbery on

November 19, 1988; and (3) robbery on June 10, 1991.  Each of these offenses was

separated by an intervening arrest.[2]  Ingram was ultimately convicted of these offenses,

and on November 21, 1991, he received concurrent sentences of incarceration for all three

offenses.  Ingram argues that these offenses were consolidated for sentencing and should

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

[2]  Indeed, the second and third of these offenses were separated by three additional arrests that led to convictions, but did not contribute to Ingram's criminal history score.

not have been treated as separate sentences.[3] The District Court properly determined that these were separate sentences as instructed by Application Note 3 to Guidelines § 4A1.2 (2005) and our decision in United States v. Hallman, 23 F.3d 821, 825 (3d Cir. 1994).[4]

## II.

Ingram also maintains that the District Court failed to recognize its authority to grant a downward departure based on his argument that the career offender designation overstated his criminal history. Similarly, Ingram argues that the District Court failed to recognize its authority under Guidelines § 5K2.0 to depart based on a combination of factors.

"We do not have jurisdiction to review discretionary decisions by district courts to not depart downward. Jurisdiction arises, however, if the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do otherwise." United States v. Vargas, 477 F.3d 94, 103 (3d Cir. 2007) (citations omitted). "Our review of the District Court's legal conclusion that it lacked discretion to consider a departure based on family circumstances is de novo." United States v. Dominguez, 296 F.3d 192, 194-95 (3d Cir. 2002). We review the sentencing transcript as a whole and "will not

---

[3] We exercise plenary review over a district court's interpretation of the Guidelines, reviewing its factual determinations for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

[4] The Guidelines have since been amended to make it even more clear that offenses separated by intervening arrests should be treated as separate sentences. See Guidelines § 4A1.2 (2007).

3

elevate form over substance." United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006).

Although it could have been clearer, the transcript does not suggest that the District Court doubted its discretion to depart downward on the bases argued by Ingram.[5] After arguments by counsel, the District Court denied both motions. Thus, we conclude that the District Court recognized its discretion to depart downward.

## III.

Finally, Ingram argues that his sentence was unreasonable because it was not based on the individualized facts and circumstances of Ingram's case. Further, Ingram argues that the District Court gave undue weight to the nature of the offense and deterrence, and insufficient weight to other factors including the need to avoid unwarranted sentencing disparities.

We review a district court's ultimate determination of a sentence for reasonableness under a deferential abuse of discretion standard. United States v. Gunter, 527 F.3d 282, 284 (3d Cir. 2008) (citing Gall v. United States, — U.S. —, 128 S.Ct. 586, 597-98 (2007); United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006)).

In its sentencing remarks, the District Court set forth the factors it was required to consider under 18 U.S.C. § 3553(a). It acknowledged Ingram's "difficult upbringing,"

---

[5] In particular, the Government never argued that the District Court lacked discretion to depart on these bases. Further, the District Court did clearly deny Ingram's motion for a downward departure pursuant to § 5K2.0 on the merits, ruling that "I find no factors that warrant a downward departure." (App. at 56.)

4

"hard life," and the "significant changes" Ingram was making in his life. (App. 63, 66.)

The District Court further acknowledged Ingram's loving family. (App. 66.) The District

Court indicated that it would take these circumstances into consideration. Id. However,

the District Court also noted the "very, very serious" nature of Ingram's criminal conduct

and the need to "send the right message that . . . the conduct [Ingram was] involved in is

not tolerated in our community." (App. 67.) Ultimately, the District Court imposed a

sentence below the applicable Guidelines range.[6] We find that the District Court

appropriately considered the factors set forth in § 3553(a). Accordingly, we conclude that

this sentence was reasonable.

For the foregoing reasons, we will affirm the District Court's judgment of

sentence.

---

[6] After granting a motion for a downward departure not at issue here, the District Court found that the applicable Guidelines range was 151 to 188 months. The sentence ultimately imposed was 132 months. According to the District Court, this reduction was based on the same circumstances it considered in granting that motion.