Chief Justice Roberts,
with whom Justice Alito joins, dissenting.
I dissent from the Court’s summary reversal in this case. As explained by the majority here and the dissenting judges below, there are cogent arguments that the Eighth Circuit’s decision was contrary to our decision last Term in Kimbrough v. United States, 552 U. S. 85 (2007). But I do not think any error is so apparent as to warrant the bitter medicine of summary reversal, and I think there are good reasons not to address the question presented at this time.
*269 In the decision below, the Court of Appeals recognized Kimbrough’s core holding that district courts have authority to depart from the Guidelines based on policy concerns: “In considering the overall goals of sentencing under [18 U. S. CJ § 3553(a) and conducting an individualized assessment based upon the particular circumstances of a defendant’s case, a district court may determine the 100:1 quantity ratio results in a harsher sentence than necessary.” 533 F. 3d 715, 717 (CA8 2008). This petition involves the arguably distinct issue whether district courts that do disagree with the policy underlying the Guidelines may adopt their own categorical crack-powder ratios in place of the ratio set forth in the Guidelines.
There is at least some language in Kimbrough that seems to support the Court of Appeals’ holding. In Kimbrough, we noted with apparent approval that the District Court “did not purport to establish a ratio of its own.” 552 U. S., at 111 (emphasis added). Rather, we held, the District Court “appropriately framed its final determination in line with § 3553(a)’s overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals advanced in § 3553(a)(2).” Ibid, (internal quotation marks omitted).
Two other Courts of Appeals agree with the Eighth Circuit’s interpretation of this language. See United States v. Russell, 537 F. 3d 6, 11 (CA1 2008) (emphasizing “the importance of individualized, case-by-case sentencing determinations, rather than a reliance on generalized ratios”); United States v. Gunter, 527 F. 3d 282, 286 (CA3 2008) (“[A] district court may not employ a ‘rubber stamp’ approach that categorically rejects the crack/powder disparity without an individualized assessment of the § 3553(a) factors”). The majority cites no court of appeals decision contrary to that of the Eighth Circuit in this case.
This is not the stuff of summary reversal. The majority may well be correct that its holding today follows from Kim *270 brough, but it is not clear to me that this result was part and parcel of the holding in that case, especially in light of the language quoted above.
At the same time, I do not believe this case meets our normal criteria for plenary consideration. As noted, there is no split in the lower courts on the question whether a district court may replace the crack-powder ratio in the Guidelines with a categorical ratio of the court’s own choosing. And, as explained above, I do not think the Court of Appeals has “so far departed from the accepted and usual course of judicial proceedings ... as to call for an exercise of this Court’s supervisory power.” This Court’s Rule 10(a). In other words, this is exactly the sort of issue that could benefit from further attention in the courts of appeals. We should not rush to answer a novel question about the application of a 1-year-old decision in the absence of a pronounced conflict among the circuits.
Apprendi, Booker, Rita, Gall, and Kimbrough have given the lower courts a good deal to digest over a relatively short period. We should give them some time to address the nuances of these precedents before adding new ones. As has been said, a plant cannot grow if you constantly yank it out of the ground to see if the roots are healthy.