

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# USA v. Dwayne McLean

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Dwayne McLean" (2009). *2009 Decisions.* Paper 1158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 08-3064

———

UNITED STATES OF AMERICA

v.

DWAYNE McLEAN,
                              Appellant

———

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Crim. Action No. 2-07-cr-00973-001)
District Judge:  Hon. William H. Walls

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2009

BEFORE:  RENDELL, STAPLETON and ALARCON,*
*Circuit Judges*

(Opinion Filed: June 22, 2009)

———

*Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting
by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Dwayne McLean pled guilty to conspiring to distribute 100 grams or more of heroin. He was sentenced to a term of 188 months, to be followed by four years of supervised release. In this appeal, McLean contends that this sentence is procedurally flawed and substantively unreasonable.

The presentence report revealed that McLean was 27 years old, that he had three state felony drug convictions and a conviction for resisting arrest, and that he had committed the instant offense while on parole. The report found him to be a career offender under U.S.S.G. § 4B1.1 and concluded that his advisory Guidelines range was 188 to 235 months. If the career offender designation had been disregarded, the range would have been 92 to 115 months.

In his sentencing brief and his oral argument at sentencing, McLean argued (1) that his Guidelines range should be calculated without the career offender provision because its reliance on state drug felonies was inconsistent with congressional intent; and (2) that he was entitled to a variance under 18 U.S.C. § 3553 because the Guidelines range calculated with the career offender provision provided for a sentence that was

2

significantly "greater than necessary" to address McLean's conduct and, accordingly, unreasonable. At the sentencing hearing, the District Court invited argument on both the initial "Guideline step" and the third "§ 3553 factor" step, listened to the responding argument, expressly recognized its authority to grant a variance, and explained at some length its conclusions (1) that Congress had intended to include state drug convictions and had clearly so provided in the relevant statutory text, and (2) that a sentence at the bottom of the Guidelines range (utilizing the career offender provision) would not be greater than necessary to serve the objectives of § 3553, primarily because of the seriousness of the offense and McLean's criminal history. Based on our reading of the sentencing hearing transcript, we are satisfied that counsel was given a fair opportunity to address these arguments and that the District Court's response met its responsibility to explain its reasoning.

Before us, McLean insists that he made a third argument in his sentencing brief which the District Court cut him off from addressing at the sentencing hearing and upon which it improperly failed to comment. This argument is described in McLean's reply brief as a contention that he is entitled to a variance from the Guidelines range calculated with the career offender enhancement because that "enhancement [is] historically flawed." Reply Br. at 5. This contention is advanced in McLean's sentencing brief as follows:

> B.     Research Indicates That The Career Offender
> Provision, Especially As Applied To Offenders With Prior

3

Drug Trafficking Convictions, Results In Sentences That Are Greater Than Necessary To Serve The Purposes of Sentencing.

The Sentencing Commission has identified the career offender provision as a flawed means of achieving the purposes of sentencing, especially when applied to offenders whose prior convictions involved drug trafficking.  In its fifteen-year review, it framed the question facing policymakers as "whether the career offender guideline, especially as it applies to repeat drug traffickers, clearly promotes an important purpose of sentencing.  *See* UNITED STATES SENTENCING COMMISSION, FIFTEEN YEARS OF GUIDELINES SENTENCING, AN ASSESSMENT OF HOW WELL THE FEDERAL CRIMINAL JUSTICE SYSTEM IS ACHIEVING THE GOALS OF SENTENCING REFORM, at 134 (November 2004) [hereinafter "Fifteen-Year Report"].  The Commission cited testimony indicating that the career offender provision may not serve the protective function very well when applied to offenders with prior drug trafficking convictions, as opposed to offenders with prior violent convictions, because drug traffickers are easily replaced.  *See id*.  "Incapacitating a low-level drug seller prevents little, if any, drug selling; the crime is simply committed by someone else."  *Id*.  Despite its seriously questionable utility, however, the career offender provision continues to exact harsh punishment of those who come within its broad sweep.

McLean did not argue at the sentencing hearing that the Commission had deemed the career offender provision a "flawed" means of achieving the purposes of sentencing. App. at 31.  It cannot fairly be said, however, that this was attributable to the District Court's precluding him from doing so.  Whether the District Court addressed this contention at the hearing depends on how it is understood.  In his reply brief before us, McLean explains that "the very point was that in *his* case, the career offender enhancement did not lead to a sentence that was consistent with the goals of sentencing retribution, deterrence, protection of the public and rehabilitation."  Reply Br. at 7-8 (emphasis in original).  If this was the "point," we fail to see how it differs from his

4

second argument, and the District Court clearly considered and addressed it. To the extent McLean's sentencing brief is read to argue that the career offender enhancement should be ignored in cases involving all non-violent, repeat drug offenders, it is true that the District Court did not comment on it. Its failure to do so is understandable, however. At the time, our Third Circuit case law clearly foreclosed the District Court from considering such an argument. *See United States v. Levinson*, 543 F.3d 190, 201 n.8 (3d Cir. 2008) (nothing in *Kimbrough* or in our own jurisprudence leaves a district court free to state its own general sentencing policies in contravention of the Guidelines"); *United States v. Gunter*, 527 F.3d 282, 286-87 (3d Cir. 2008) (reaffirming that district courts may not categorically reject a Guideline provision for policy reasons that are unmoored to the facts of the case before it and rejecting procedural reasonableness challenge where "most of [defendant's] arguments at sentencing concerned only general policy"); *United States v. Goff*, 501 F.3d 250, 261 n.18 (3d Cir. 2007) (observing "that sincerely held policy disagreements with the weight of sentences generally called for by the Guidelines in certain categories of cases . . . are not a basis for bypassing the Guidelines").

Since the time of McLean's sentencing, however, the Supreme Court in *Spears v. United States*, 129 S. Ct. 840 (Jan. 21, 2009), held "that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." The Court then vacated and remanded our decision in *Gunter* to us for reconsideration in light of its *Spears* decision. Based on *Spears*, we

5

believe a district court in determining the weight to be given the Guideline range at the third variance step in its sentencing analysis is entitled to reject the policy judgments reflected in the career offender Guideline.

Because the District Court in this case undoubtedly and understandably believed it was without authority to consider McLean's third argument, we will vacate and remand for resentencing only. In so doing, we express no opinion regarding the merit of that argument.

The judgment of the District Court will be vacated and the case will be remanded to the District Court for resentencing.