**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2039
_____

UNITED STATES OF AMERICA

v.

JAMES WILLIAMS,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-17-cr-00645-001)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
April 6, 2023
_____

Before: CHAGARES, *Chief Judge*; GREENAWAY, JR., and PORTER,
*Circuit Judges*.

(Filed: April 14, 2023)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

A jury convicted James Williams of various drug and firearm offenses, but he claims that the District Court denied him his Sixth Amendment right to represent himself and wrongfully applied the Sentencing Guidelines' career offender enhancement. We disagree. But Williams is correct that, in entering concurrent sentences of 162 months on the four counts of conviction, the District Court sentenced him beyond the statutory maximum term then authorized by 18 U.S.C. § 922(g)(1). So we will affirm the judgment of conviction as to counts one, two, and three, vacate the sentence imposed for count five, and remand for resentencing on count five only.[1]

I

We exercise plenary review of a claim that a district court violated a defendant's right to self-representation. *United States v. Peppers*, 302 F.3d 120, 127 (3d Cir. 2002). That right is firmly rooted in our legal system, "find[ing] support in the structure of the Sixth Amendment, as well as in the English and colonial jurisprudence from which the Amendment emerged." *Faretta v. California*, 422 U.S. 806, 818 (1975).

"It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." *Id.* at 834. Thus, a defendant must state his request to proceed pro se "unambiguously to the court so that no reasonable person can say that the request was not made." *Buhl v. Cooksey*, 233 F.3d 783,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

790 n.9 (3d Cir. 2000) (quoting *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir. 1986)). And courts must "indulge in every reasonable presumption against waiver." *Brewer v. Williams*, 430 U.S. 387, 404 (1977). Judges who receive a clear and unambiguous waiver must conduct a colloquy with the defendant and make him aware of "the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

Before trial, Williams expressed dissatisfaction with defense counsel and asked to be appointed new representation. The District Court denied his request, a decision Williams does not challenge. Also before trial, Williams, defense counsel, and the government worked with the District Court to subpoena two cell phone providers for recordings of phone conversations involving his codefendant and a confidential informant. The providers responded that they did not possess responsive recordings. This was unsurprising because there was no record of a wiretap for those calls.

Nevertheless, at a hearing on April 4, 2019, defense counsel argued to the District Court that the providers' responses were ambiguous and suggested that the defense might subpoena individuals from both providers. The District Court responded that it would not limit the defense's ability to call witnesses, but that, in the Court's view, the providers had complied with the subpoena and the testimony of individual employees of the providers would likely be irrelevant at trial. The Court also indicated that it was not inclined to delay trial, which was scheduled to begin in less than a week. The below exchange followed:

> THE COURT: No, there's no inference [that the recordings may exist]. The only thing is that the witness is called to come in and testify and take the

3

jury's time and they don't know anything on the point that you're asking them.

WILLIAMS: Can I proceed pro se for a minute?

THE COURT: Pardon?

WILLIAMS: Can I proceed pro se for a minute so I can speak for myself because there's case law specific to this situation.

THE COURT: No, there isn't, sir.

App. 80.

Williams then insisted that providers can be required to turn over responsive records, but he did not acknowledge that the providers in question had already informed the Court that they did not possess any. The Court responded, "[i]t's defense counsel's strategy and I'm not—" before defense counsel interrupted and Williams made what he claims was a clear, unequivocal request to proceed pro se:

DEFENSE COUNSEL: If my client is requesting I subpoena the individuals, then I'm going to have to subpoena them. If they're not available, then I would be requesting a continuance from the Court.

WILLIAMS: I would like to move pro se from this moment forward.

THE COURT: No, we're not going to do this again until you think it through.

WILLIAMS: I have. I have.

App. 81. The Court then addressed defense counsel and again advised her that she could call individuals from each provider, subject to objections about relevance, and that the Court was unlikely to issue a continuance.

In sum, Williams asked to "proceed pro se for a minute," and then, a few minutes later, "to move pro se from this moment forward." In many other contexts, these statements would be enough to effect a waiver of the right to counsel. But it is not clear

4

to us now, and it certainly was not clear to the District Court during the hearing in question, that Williams wanted to fire his appointed defense counsel and assume all aspects of his defense. Instead, we agree with the District Court that the record suggests that Williams wanted to "glide in and out of self-representation." App. 279. There is no constitutional right to a hybrid arrangement where a defendant proceeds pro se at some points and is represented by counsel at others. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

Williams proceeded to trial without further objection to his representation by counsel. After trial, Williams wrote a letter to the District Court and asked "to proceed[] in a pro se capacity . . . representing [himself]" with standby counsel. App. 106. The District Court held a hearing on the motion, conducted a *Faretta* colloquy, and allowed Williams to proceed pro se. In contrast to this unambiguous post-trial request, Williams' pretrial statements about self-representation were far from clear and unambiguous, and the Supreme Court requires trial judges to "indulge in every reasonable presumption against waiver." *Brewer*, 430 U.S. at 404. So we reject Williams' claim that the District Court erred in denying him the right to proceed pro se before his trial.

II

The career offender provision of the Guidelines dramatically increases a defendant's sentencing range if he has previously been convicted of two "crimes of violence" or "controlled substance offenses." U.S.S.G. § 4B1.1(a). Before his most recent arrest, Williams was twice convicted of violating 35 Pa. Stat. Ann. § 780-113(a)(30), which prohibits manufacturing, delivering, or possessing with the intent to manufacture

5

or deliver a controlled substance. The District Court correctly determined that these convictions were for controlled substance offenses as defined by the Guidelines and applied the enhancement.

Courts apply the categorical approach to determinate whether a state offense triggers an enhancement articulated in the Guidelines. *See United States v. Brasby*, 61 F.4th 127, 133–34 (3d Cir. 2023). That approach requires judges to ignore the defendant's actual conduct and instead "compare the elements of [the state] statute with the relevant Guidelines provision—here, § 4B1.2(b)'s definition of a 'controlled substance offense.'" *United States v. Dawson*, 32 F.4th 254, 260 (3d Cir. 2022). "If the statute proscribes a broader range of conduct than the Guideline, then a conviction for the state offense will not count as a controlled substance offense." *Id.*

Williams originally argued that his prior convictions under § 780-113(a)(30) do not count as controlled substance offenses because the statute punishes the attempted transfer of a controlled substance. The Guidelines definition does not mention attempt offenses—it covers "manufacture, import, export, distribution or dispensing of a controlled substance"—so Williams maintained that § 780-113(a)(30) was not a categorical match. Appellant's Br. at 32 (citing U.S.S.G. § 4B1.2(b)). We recently rejected Williams' argument in *Dawson*. 32 F.4th at 258–59. We explained that "§ 780-113(a)(30) is a *completed* offense which, in one definition, uses the word 'attempted' in its ordinary sense." *Id.* at 259 (citing *United States v. Havis*, 929 F.3d 317, 319 (6th Cir. 2019) (Sutton, J., concurring in the denial of en banc reconsideration)).

Williams also argued that § 780-113(a)(30) punishes the "administering" of controlled substances, while the Guidelines do not go so far. *See* § 780-102(b). We considered this theory in *United States v. Womack* and found it without merit. 55 F.4th 219, 238–40 (3d Cir. 2022). We held that § 780-113(a)(30) "expressly excludes the possibility that 'administering,' as defined in Section 780-102, falls within its scope." *Id.* at 239.

In a letter filed with the Court, Williams commendably acknowledged that *Dawson* and *Womack* foreclose his arguments that his convictions under § 780-113(a)(30) do not qualify as controlled substance offenses under the Guidelines. As a result, all agree that the District Court properly applied the career offender enhancement.

III

The District Court sentenced Williams to four concurrent terms of 162 months. One of the counts of conviction, count five, was for possession of a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1). When Williams was arrested, that offense had a maximum sentence of 10 years, so the District Court's sentence of 162 months was improper. *See* 18 U.S.C. § 924(a)(2) (2017).[2] Williams did not object when the District Court imposed this sentence. Had he done so, we are confident the District

---

[2] Congress recently increased the maximum penalty to 15 years. Bipartisan Safer Communities Act, Pub. L. 117-159, 136 Stat. 1313, 1329 (2022), codified at 18 U.S.C. § 924(a)(8). The revised penalty does not apply to Williams because a law "that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed," violates the ex post facto clause, U.S. Const. art. 1, § 9, cl. 3. *Calder v. Bull*, 3 U.S. 386, 390 (1798) (emphasis added).

Court would have corrected the error in real time. But a sentence that exceeds the statutory maximum is plainly erroneous, so we will remand for the District Court to resentence Williams on count five only. *United States v. Gunter*, 527 F.3d 282, 288 (3d Cir. 2008), *vacated on other grounds*, 129 S. Ct. 2051 (2009).

IV

We reject Williams's claims that he was denied the right to represent himself and that the District Court improperly sentenced him as a career offender, but he is correct that the Court sentenced him beyond the statutory maximum under § 922(g)(1). We will affirm the judgment of conviction on counts one, two, and three. We will vacate the sentence imposed for count five and remand solely for resentencing on that count.