

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4712

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Walker" (2008). *2008 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4712

———————

UNITED STATES OF AMERICA

v.

MICHAEL M. WALKER, JR.,

Appellant.

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00060-3E)
District Judge: Honorable Maurice B. Cohill, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2008

———————

Before: AMBRO and GREENBERG, <u>Circuit Judges</u>,
and RODRIGUEZ,[*] <u>District Judge</u>

———————

(Opinion filed:  December 23, 2008)

———————

OPINION

———————

[*]The Honorable Joseph H. Rodriguez, Senior United States District Judge for the
District of New Jersey, sitting by designation

RODRIGUEZ, <u>Senior District Judge</u>

Michael M. Walker, Jr. appeals from the sentence imposed after he pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine in violation of 21 U.S.C. § 846. Walker argues that in sentencing him to 120 months' incarceration followed by 60 months of supervised release, the District Court erred in failing to reduce his criminal history points under the Sentencing Guidelines to enable him to come within the purview of the statutory safety valve, thereby avoiding a mandatory minimum sentence. Walker also contends that his sentence was unreasonable because the District Court refused to apply the minor participant base offense level reduction provided by the Sentencing Guidelines.[1] Because we conclude that Walker validly waived the right to appeal his sentence, we will affirm.

I.

As we write solely for the parties, we recite only those facts necessary to our decision. In the spring of 2006, with the aid of a confidential informant, members of Erie Area Gang Law Enforcement (EAGLE) FBI Task Force captured multiple controlled buys of crack cocaine on both audio and video recording devices. The evidence gathered demonstrated that Walker and others were involved in a drug conspiracy and that Walker, on three separate occasions, was involved in a controlled buy of over five grams of crack cocaine and aided and abetted the transport of 120 grams of crack cocaine to Erie,

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction to review the sentence imposed pursuant to 18 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Pennsylvania.

On October 10, 2006, a federal indictment was unsealed, charging Walker and several co-conspirators with conspiracy to possess with intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One). Walker was also charged with possession with intent to distribute and distribution of five grams or more (Counts Two, Three, and Six) and fifty grams or more (Count Seven) of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(A)(iii). On August 22, 2007, Walker pleaded guilty to Count One of the Indictment and accepted responsibility for the remaining counts, which were dismissed.

In his plea agreement, Walker waived his right to take a direct appeal from his conviction or sentence,[2] subject to certain exceptions: if the Government appealed from the sentence, or "[i]f (1) the sentence exceed[ed] the applicable statutory limits set forth in the United States Sentencing Code, or (2) the sentence unreasonably exceed[ed] the guideline range determined by the Court under the Sentencing Guidelines," Walker could take a direct appeal. (A12.)

Under the 2007 Sentencing Guidelines, Walker's base offense level was 30. He was credited with two points for acceptance of responsibility and one point for timely notification of his intent to enter a guilty plea, for a Total Offense Level of 27.

Walker previously had been convicted of three separate offenses involving the

_____

[2] This Court "retains subject matter jurisdiction over [an] appeal by a defendant who ha[s] signed an appellate waiver." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

3

possession of marijuana or disorderly conduct. As a result of these incidents, he received

a total of four criminal history points under Guidelines §§ 4A1.1(b) and (c),[3] and his

Presentence Investigation Report set his Criminal History Category at III. Thus, Walker's

starting Guideline Range for imprisonment was calculated to be 87 to 108 months, to be

followed by a term of supervised release of three to five years. Because the statutory

mandatory minimum was ten years under 21 U.S.C. § 841(b)(1)(A)(iii), the sentencing

court found that "the guidelines sentence [was] one hundred twenty months." (A81.) In

December of 2007, Walker was sentenced to the ten-year mandatory minimum term of

imprisonment to be followed by a five-year term of supervised release.

## II.

This Court will decline to exercise jurisdiction to review the merits of a

defendant's appeal where a defendant knowingly and voluntarily waives the right to

---

[3]In 2002, Walker plead guilty to possession of marijuana and possession of drug paraphernalia, and was sentenced to pay a $236 fine, yielding one criminal history point under Guidelines § 4A1.1(c).

In December of 2002, Walker plead guilty to disorderly conduct, and was sentenced to 90 days' probation and a $300 fine. On April 15, 2003, his probation was revoked due to an arrest for unlawful possession of marijuana, failure to work regularly, and failure to make regular payments on his fines. He was sentenced to 90 days' incarceration, but given 41 days' credit since he had been detained from January 30, 2003 due to testing positive for marijuana. Pursuant to Guidelines § 4A1.1(b), Walker was assessed two criminal history points on the disorderly conduct.

In June of 2003, Walker plead guilty to the unlawful possession of marijuana, and was sentenced to 30 days' probation and a $100 fine. In August 2003, his probation was revoked for failure to pay the fine. In September of 2003, a warrant was issued for failure to pay fines and court costs. In 2005, Walker was arrested and taken into custody, and was released upon payment approximately a month later. One criminal history point was assessed under Guidelines § 4A1.1(c).

appeal, unless the result will work a miscarriage of justice. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Of course, "a sentence based on constitutionally impermissible criteria, such as race, or a sentence in excess of the statutory maximum sentence for the defendant's crime, can be challenged on appeal even if the defendant executed a blanket waiver of his appeal rights." *Id.* (citation omitted).

In the instant case, Walker acknowledged during the plea colloquy that he waived his right to take a direct appeal. (A46-48.) It is apparent from the record that the waiver was knowing and voluntary. (A48-56.) None of the waiver exceptions is present in this case: the Government has not appealed, the sentence imposed does not exceed the statutory maximum, and the mandatory minimum sentence imposed did not unreasonably exceed the guideline range determined by the court. Although Walker's initial guideline range was 87 to 108 months, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Further, at sentencing, in accordance with *United States v. Gunter*, 527 F.3d 282, 285 (3d Cir. 2008), the District Court correctly calculated Walker's starting Guidelines range; formally ruled on Walker's motions regarding the Presentence Investigation Report, noting on the record any effect the rulings had on the Guidelines calculations; and exercised appropriate discretion by considering the relevant § 3553(a) factors.[4]

---

[4]In this case, the District Court noted, in its Statement of Reasons,

The Court believes that a sentence of 120 months followed by 5 years of

5

Even if we were to invalidate the waiver in this case, we would reject Walker's argument that the sentencing court should have exercised discretion in interpreting the safety valve provision, 18 U.S.C. § 3553(f). In *United States v. McKoy*, 452 F.3d 234, 240 (3d Cir.), *cert. denied* 127 S. Ct. 449 (2006), we found that *Booker* did not render eligibility requirements for safety-valve sentencing relief advisory. Rather, applicability of the safety valve continues to depend on a defendant's criminal history without consideration of the underlying circumstances of prior sentences. Similarly, although U.S.S.G. § 4A1.3(b) permits a district court to reduce a defendant's criminal history category for overstatement of criminal history, the provision cannot be used to satisfy the safety valve's criminal history point requirement for one who otherwise exceeds it.

Moreover, in imposing the mandatory minimum sentence, the sentencing court made a finding that Walker's criminal history was not overstated by application of more

> supervised release adequately addresses the nature and circumstances of this offense, as well as the history and background of the defendant. In particular, the Court has taken into account that Mr. Walker was involved in a large drug distribution ring out of Detroit. The Court has also taken into consideration his past convictions and juvenile adjudications set forth in the Presentence Report. In imposing this sentence, the Court has considered the kinds of sentences available, and the sentencing range set forth in the guidelines, including any relevant policy statements issued by the Sentencing Commission. This sentence also takes into account the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct. At the same time, this sentence reflects the seriousness of the offense and provides just punishment for it; and also promotes respect for the law and affords adequate deterrence to criminal conduct while protecting the public from further crimes by the defendant.

(SA-49. *Accord* A88.)

6

than one criminal history point, as "[h]e had eight adjudications as a juvenile, and . . five convictions in the presentence report, plus the one that's been before the court today. So, I can't . . . agree that the safety valve should not apply in this case." (A79.) Finally, the District Court did not err in denying Walker's request to apply the minor participant base level reduction provided for under U.S.S.G. § 3B1.2(b). In declining to apply a minor role adjustment, instead imposing the mandatory minimum, the sentencing court pointed out that Walker had stipulated to 135 grams of cocaine base, (A65), and accepted the Government's argument that he was one of the most active participants in supplying crack cocaine to the confidential informant, (A69).

In conclusion, we find that the issues Walker pursues here fall squarely within the scope of his appellate waiver, he knowingly and voluntarily agreed to the waiver, and enforcing the appellate waiver will not work a miscarriage of justice. *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (articulating three elements to be considered when government invokes appellate waiver and defendant argues it does not bar appeal). Accordingly, we decline to exercise our jurisdiction to review the merits of his appeal. *See, e.g., United States v. Corso*, — F.3d —, 2008 WL 5205891 (3d Cir. Dec. 15, 2008) (finding defendant's appellate waiver precluded appeal challenging the district court's calculation of the Guideline range).

III.

For these reasons, we affirm.