# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-4301/06-1049

_____

United States of America,           \*
           \*
   Appellee/Cross Appellant,    \*
           \*     Appeal from the United States
   v.                       \*     District Court for the
           \*     Northern District of Iowa.
Tyrone Judon, also known as   \*
Antwon,                  \*     [UNPUBLISHED]
           \*
   Appellant/Cross-Appellee.    \*

_____

Submitted: February 14, 2008
Filed: July 1, 2008

_____

Before LOKEN, Chief Judge, SMITH and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of *Kimbrough v. United States*, 552 U.S. ---, 128 S. Ct. 558 (2007). After reconsidering Tyrone Judon's sentence as directed by the Supreme Court, we again vacate and remand for resentencing.[1]

_____

[1]We reinstate the vacated opinion of *United States v. Judon*, 472 F.3d 575 (8th Cir. 2007), *vacated*, 552 U.S. ---, 128 S. Ct. 860 (2008), with the exception of Section II.D.3. We also note that Gladger Ross, Jr., another defendant in this case, did not file

In *Kimbrough*, the Supreme Court rejected the position that the crack/powder cocaine disparity created by the 100:1 ratio between crack and powder cocaine in the United States Sentencing Guidelines was mandatory and held that "under [*United States v. Booker*, 543 U.S. 220 (2005)], the cocaine Guidelines, like all other Guidelines, are advisory only." *Id.* at 564. After holding that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses," *id.*, it further stated that "[i]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder [cocaine] disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. However, as this court observed in *United States v. Spears*, also on remand from the Supreme Court, "the district court may not categorically reject the ratio set forth by the Guidelines." --- F.3d ---, 2008 WL 2485329, at *1 (8th Cir. June 23, 2008) (en banc).

In our previous *Judon* opinion, we reviewed the district court's decision to sentence Judon to 50 months' imprisonment. At sentencing, the district court first determined that the 100:1 ratio between crack and powder cocaine resulted in a total offense level of 26. The district court then applied a 20:1 ratio, instead of a 100:1 ratio, to calculate a revised offense level and guidelines range. Like the district court in *Spears*, the district court here said it was adopting *United States v. Perry,* 389 F. Supp. 2d 278 (D.R.I. 2005), *abrogated by United States v. Pho*, 433 F.3d 53 (1st Cir. 2006), *abrogated by Kimbrough*, 128 S. Ct. 558, *as recognized in United States v. Rodriguez*, --- F.3d ---, 2008 WL 2265898 (1st Cir. June 4, 2008), where the district court chose to impose a 20:1 ratio, instead of the Guidelines' 100:1 ratio, because the 100:1 ratio "cannot withstand the scrutiny imposed by sentencing courts when the § 3553 factors are applied." *Id.* at 307. On appeal, we reversed the district court's decision to "var[y] under § 3553(a) based solely on its rejection of the 100:1 drug

a petition for writ of certiorari with the Supreme Court. Therefore, our previous rulings with respect to Ross's conviction and sentence remain unchanged.

quantity ratio between crack and powder cocaine" and vacated Judon's sentence. *Judon*, 472 F.3d at 585-87.

Reviewing Judon's sentence in light of *Kimbrough* and our recent *Spears* decision, we again vacate Judon's sentence and remand for resentencing. In *Spears*, we held that "[n]othing in *Kimbrough* suggests the district court may substitute its own ratio for the ratio set forth in the Guidelines." *Spears*, 2008 WL 2485329, at *2. In sentencing Judon, the district court substituted a 20:1 ratio based on *Perry* and did not vary based on an individualized assessment of the particular circumstances in Judon's case. *See id.* at *1. The district court simply "establish[ed] a ratio of its own." *Kimbrough*, 128 S. Ct. at 575. Therefore, as in *Spears*, we must vacate Judon's sentence and remand for resentencing consistent with this opinion. Judon's conviction is affirmed for the reasons set forth in our prior opinion. *Judon*, 472 F.3d at 582-83.

_____