

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2009

# USA v. Norberto Herrera

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Norberto Herrera" (2009). *2009 Decisions.* Paper 1639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4632
_____

UNITED STATES OF AMERICA

v.

NORBERTO HERRERA,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 07-00478)

Magistrate Judge: Patty Schwartz
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.
(Opinion Filed:  March 31, 2009 )

_____

OPINION OF THE COURT

ALDISERT, Circuit Judge.

Appellant Norberto Herrera's attorney has filed a motion to withdraw as appellate

counsel in this case, and has filed a brief in support thereof under <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel contends that there are no nonfrivolous issues that can be raised on appeal by Herrera, who, in conjunction with a plea agreement reached with the government, pled guilty to conspiracy to distribute methamphetamine, contrary to 21 U.S.C. §§ 841(a) & (b)(1)(B), in violation of 21 U.S.C. § 846. We agree. Accordingly, we will affirm the decision of the District Court of the District of New Jersey and we will grant counsel's <u>Anders</u> motion.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. <u>See</u>, <u>e.g.</u>, <u>United States v. Schuh</u>, 289 F.3d 968, 974-976 (7th Cir. 2002).

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

Anders provides that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to

withdraw." 386 U.S. at 744. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. This Court implements Anders via our Local Appellate Rule 109.2(a), which sets forth the following procedure:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a).

This Court's inquiry is twofold when an Anders motion is brought. First, we must determine whether counsel has adequately fulfilled the obligations imposed by L.A.R. 109.2(a). United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's Anders brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," id. at 300; (2) identify any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Second, we must independently review the record to confirm that the appeal does not present any nonfrivolous issues. Youla, 241 F.3d at 300. In so doing, we "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." Id. at 301.

3

Pursuant to Anders and our local rule, counsel submitted a brief arguing that there are no nonfrivolous arguments on appeal and filed a motion seeking to withdraw as counsel; the government responded. A copy of defense counsel's brief was furnished to Herrera, who was given time to raise any non-frivolous arguments in a pro se brief in response. See Anders, 386 U.S. at 744; 3d Cir. L.A.R. 109.2(a) (2002). Herrera has failed to file such a brief. We have examined the briefs of counsel and conclude that none of the issues that could be raised are nonfrivolous, and our own review of the record reveals no other nonfrivolous issues.

This Court's first inquiry is "whether counsel adequately fulfilled [Rule 109.2's] requirements." Youla, 241 F.3d at 300. Here, defense counsel has filed a motion to withdraw and an Anders brief, stating that counsel has reviewed the record, identified three potential issues, and determined that these issues are frivolous. Defense Counsel's Anders Brief ("DB") 9-19. Thus, defense counsel appears to have fulfilled Rule 109.2's requirements adequately.

"Where the Anders brief initially appears adequate on its face," this Court then inquires "whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300-301. In this second inquiry, this Court confines its scrutiny to those issues and "those portions of the record identified by an adequate Anders brief" and, if applicable, to "those issues raised in Appellant's pro se brief." Id. at 301 (citing

4

United States v. Wagner, 103 F.3d 551, 552-553 (7th Cir. 1996)).[1] If this inquiry shows that the identified issues are frivolous, the appeal is "wholly frivolous." Youla, 241 F.3d at 299; see id. at 301 ("An appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'") (citation omitted); see also McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 438 n.10 (1988) (an appeal is frivolous if "the appeal lacks any basis in law or fact").

## III.

We agree with defense counsel and the United States that the issues identified by defense counsel lack any basis in law or fact. First, any challenge to Herrera's guilty plea hearing would be frivolous. The Magistrate Judge engaged in an extensive colloquy that covered all of the necessary requirements of Rule 11 of the Federal Rules of Criminal Procedure, and determined that there was a factual basis for Herrera's guilty plea, which was knowingly and voluntarily entered. Appendix ("App.") 36-64. By order, the District Court, after reviewing the guilty plea transcript and the Magistrate Judge's report and recommendation, accepted Herrera's plea. App. 33. Accordingly, we are satisfied that the

---

[1] In <u>Wagner</u>, the Seventh Circuit concluded that it would be inappropriate for a Court of Appeals "to comb the record . . . searching for possible non-frivolous issues that both the lawyer and his client may have overlooked"; instead, the court will "confine our scrutiny of the record to the portions of it that relate to the issues discussed in the brief," and "the court's duty is merely to determine whether counsel is correct in believing those grounds frivolous." <u>Wagner</u>, 103 F.3d at 552-553. This Court has adopted the Seventh Circuit's approach. <u>Youla</u>, 241 F.3d at 301; <u>see</u> <u>Marvin</u>, 211 F.3d at 780 n.3 (stating that "this approach appears sound").

record in this case supports the determination of the District Court that Lee made a knowing, intelligent and voluntary guilty plea supported by a factual basis, as required by Rule 11 of the Federal Rules of Civil Procedure and the constitutional requirements of Boykin v. Alabama, 395 U.S. 238 (1969), and we conclude that any challenge to the guilty plea would be frivolous. See United States v. Schweitzer, 454 F.3d 197, 202-203 (3d Cir. 2006) (finding challenge to guilty plea "wholly baseless" where district court had engaged in comprehensive admonitions and warnings pursuant to Rule 11, identified factual basis for the plea, and received multiple verbal assurances of defendant's understanding of plea's ramifications); see also United States v. Lessner, 498 F.3d 185, 192-198 (3d Cir. 2007).

Second, any challenge to Herrera's sentencing hearing would be frivolous. At sentencing, the District Court heard from Herrera and his counsel at length, engaged in the three-step sentencing analysis that has been announced by this Court (see United States v. Gunter, 527 F.3d 282, 285 (3d Cir. 2008)), and, after considering the arguments of both parties and the 18 U.S.C. § 3553(a) factors, imposed a sentence more than twenty months below the advisory Sentencing Guidelines range. App. 9, 14-29. Such consideration meets this Court's requirements following United States v. Booker, 543 U.S. 220 (2005). See, e.g., United States v. Charles, 467 F.3d 828, 831-834 (3d Cir. 2006).

Finally, any appeal of the sentence would be additionally frivolous because

6

Herrera agreed that a sentence within offense level 23 was reasonable, and further agreed not to appeal such a sentence. App. 71-72. The sentence imposed here fell a full ten months below that range, and therefore an appeal on this basis is waived and any challenge would be frivolous. See United States v. Gwinnett, 483 F.3d 200, 205-206 (3d Cir. 2007); United States v. Khattak, 273 F.3d 557, 563 (3d Cir, 2001) ("Waivers of appeal, if entered knowingly and voluntarily, are valid unless they work a miscarriage of justice.").

*****

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We are satisfied that counsel has comprehensively examined the record and fulfilled the requirements of Anders and L.A.R. 109.2(a). Our independent review of the record likewise does not reveal any nonfrivolous issues to be asserted on appeal. The judgment of the District Court will be affirmed and we will grant counsel's motion to withdraw. Because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the U.S. Supreme Court.