

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# USA v. Edward Richardson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Edward Richardson" (2009). *2009 Decisions*. Paper 1081.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1081

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-4507

———

UNITED STATES OF AMERICA

v.

EDWARD RICHARDSON,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 07-564)
District Judge: Honorable Joseph E. Irenas

———

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2009

Before: SLOVITER and HARDIMAN, Circuit Judges, and POLLAK,* District Judge

(Filed: July 2, 2009)
_____

OPINION
_____

---

* Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge</u>.

Appellant Edward Richardson pled guilty to a one-count information for knowingly possessing images of child pornography. Richardson challenges the reasonableness of the sentence imposed by the District Court.

## I.

Because we write primarily for the parties, who are familiar with the case, we will summarize the facts and procedural history only briefly. On November 20, 2006, law enforcement officers executed a search warrant at Richardson's residence in Cape May, New Jersey. Richardson informed the officers that he viewed child pornography on his computer and used his computer to search for the pornographic images. The officers seized Richardson's computer and found images of child pornography on his hard drive. App'x 13.

On April 30, 2007, Richardson entered a guilty plea in the United States District Court for New Jersey. Richardson pled guilty to one count of knowingly possessing three or more graphic images of child pornography, as defined by 18 U.S.C. § 2256(8), that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2. App'x 13. In his plea agreement, Richardson stipulated to knowingly possessing 600 or more images of child pornography, and that the images resulted from use of his computer and showed minors engaged in sexually explicit conduct. Richardson also stipulated that he knew that some of the images involved a minor under the age of twelve

years old. App'x 17.

The District Court held a sentencing hearing on November 16, 2007, at which it sentenced Richardson to be imprisoned for fifty-one months, followed by four years of supervised release. The District Court also ordered Richardson to register with the state sex offender agency in any state where he resides and is employed, submit to unannounced examination and supervision of his computer equipment, allow the installation of monitoring software on his computer, submit to polygraph examination, participate in mental health evaluation and treatment, pay a fine of $10,000 and otherwise comply with the requirements of the United States Probation Office. App'x 174-79.

To arrive at the sentence, the District Court used the three-step analysis prescribed in *United States v. Gunter*, 527 F.3d 282, 285 (3d Cir. 2008) ("*Gunter II*") and *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) ("*Gunter I*").

First, the District Court calculated Richardson's adjusted offense level. It found that his criminal history level was I, agreeing with the recommendation in the Pre-Sentence Report. App'x 135. Then, the District Court applied three enhancements to Richardson's original offense level of eighteen–one because the offense involved materials containing a minor under the age of twelve, another for the use of a computer, and the third because Richardson had 600 or more images, pursuant to U.S.S.G. § 2G2.2(a)(1), (b)(2), (b)(6), and (b)(7)(D), respectively. This brought the adjusted offense level to twenty-seven. Then, the District Court subtracted three levels for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b) to arrive at the final adjusted offense level of twenty-four. App'x 134. With a criminal history of I and adjusted offense level of twenty-four, Richardson's guideline range was therefore 51 to 63 months. App'x 155.

Second, the District Court noted that no formal departure motion was made by Richardson, App'x 92, but heard oral argument from Richardson objecting to application of the enhancements. Richardson contended that the guideline enhancements were more appropriate for a defendant convicted of distribution or manufacture of child pornography than for a defendant convicted only of possession, App'x 114, 117. The District Court rejected Richardson's argument, noting that Richardson was making a public policy argument questioning the rationale of the enhancements and that the District Court did not wish to sentence Richardson based on a personal agreement or disagreement with that policy. App'x 134-39.

Third, the District Court heard argument about the applicability of the factors in 18 U.S.C. § 3553(a). The District Court considered Richardson's history of being a productive, church-going citizen, but found that this history did not fall outside the norm of child pornography cases. App'x 158-61. The District Court found no need to provide for additional educational or vocational training programs for the defendant, who is already a skilled worker, App'x 168-69, nor any need to provide for the defendant's particular medical requirements. App'x 170-71. Finally, the District Court determined

that a guidelines sentence was appropriate and sentenced Richardson to fifty-one months, a sentence at the bottom of the guidelines range. App'x 171.

## II.

On appeal, Richardson challenges the reasonableness of the sentence imposed by the District Court. Specifically, he contends that the District Court overweighted the guidelines as against the § 3553(a) factors and thereby misapplied the Third Circuit's sentencing analysis as outlined in *Gunter II*, 527 F.3d at 285 and *Gunter I*, 462 F.3d at 247. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The sentence imposed by the District Court is reviewed for unreasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). That review is undertaken according to an abuse of discretion standard for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). At both stages of review, the party challenging the sentence has the burden of demonstrating unreasonableness. *Cooper*, 437 F.3d at 332.

To the extent that Richardson challenges the procedural reasonableness of his sentence, we find that the District Court did not abuse its discretion. The District Court discussed the guidelines and the § 3553(a) factors and followed the three-step sentencing analysis outlined in *Gunter I*, 462 F.3d at 247.

Next, we address the substantive reasonableness of the District Court's inquiry.

5

We have recognized that "[a] within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range," *Cooper*, 437 F.3d at 331, but we have stressed that "a within-guidelines sentence is not necessarily reasonable *per se*." *Id.* "Although a within-guidelines sentence demonstrates the court considered one of the § 3553(a) factors–namely, the guidelines range itself, 18 U.S.C. § 3553(a)(4)–it does not show the court considered the other standards reflected in that section, assuming they were raised." *Id.* at 330. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d at 218; *see also United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Richardson contends that the District Court "ignored the ample evidence before it" because it did not distinguish Richardson's case from the "mine run of cases" in light of Richardson's diagnosis of clinical depression, his need for medication for physical and psychological conditions, and his psychological evaluation stating that the offense was a product of the circumstances surrounding him at the time. Brief for Appellant at 38. However, the District Court did take the various § 3553(a) factors into account.

In consideration of the first factor–the defendant's history–the District Court noted that it was using its experience with "more than a hundred of these sentences" to find that neither the unique circumstances of the defendant nor the offense supported a variance from the guidelines. App'x 157, 160. The judge noted that the lack of prior criminal

6

history deserved consideration, but was not outside the norm of cases. App'x 162.

Richardson asserts that the District Court only made a "broad, general statement" in consideration of the seriousness of the offense within the second § 3553(a) factor. Brief for Appellant at 38. The sentencing judge's analysis was more than adequate. *See United States v. Olhovsky,* 562 F.3d 530, 553 (3d Cir. 2009) (explaining that the sentencing judge should set forth enough to satisfy the appellate court that he or she has considered the parties' arguments, has a reasoned basis for exercising his own authority, and has explained the rejection of any non-frivolous arguments). The judge considered the seriousness of the crime of possession of child pornography, discussing whether, if his personal view of the seriousness of the offense differed from that reflected in the guidelines, it would be appropriate for him to sentence Richardson in accordance with that view. After discussing his concern with sentencing disparities based on judges' "own notion[s] of public policy," the sentencing judge decided to employ his discretion to not "substitute" his own judgment.[1] App'x 173-74.

---

[1] The District Court cited *United States v. Ricks*, 494 F.3d 394 (3d Cir. 2007) in the sentencing colloquy to support its view that "policy disagreements are not a basis for bypassing the guidelines." App'x 164. We recognized in *United States v. Russell* that *Ricks* is no longer good law. *See* 564 F.3d 200, 205 (3d Cir. 2009) (clarifying the effect of *Spears v. United States*, ---- U.S. ----, 129 S. Ct. 840 (2009) by finding that this court's holding in *Ricks* that "district courts may not categorically reject the [crack-powder cocaine] ratio" is no longer good law (quoting *Ricks*, 494 F.3d at 401)); *see Spears v. United States*, 129 S. Ct. at 844 ("[D]istrict courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.").

But as we read the District Court's discussion, we see its use of *Ricks* was basically auxiliary to its analysis. Even if *Ricks* be deemed to have constituted more substantial support for the District Court's analysis, invocation of the case would still have been harmless error:

When the District Court addressed Richardson's medical needs, it decided that the Bureau of Prisons could provide the care that he needed. App'x 170-71. The record shows that the District Court properly considered the information about Richardson's physical and psychological conditions when discussing this factor. Even after the District Court finished its sentencing analysis, it mentioned specifically that it would request that the Bureau of Prisons "evaluat[e] . . . what I consider to be [Richardson's] serious medical conditions [and] incarcerate him in a place that has the ability to care for those needs." App'x 181-82. The District Court also noted that it wanted the Bureau of Prisons to evaluate Richardson's back injury and depression. App'x 182.

In sum, the District Court's sentence, at the bottom of the guidelines, was made reasonably after proper consideration of the guidelines and § 3553(a) factors.

**III.**

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

there is no reason to suppose that, had the District Court not included *Ricks* in its analysis, a different assessment of the second § 3553(a) factor would have been arrived at and a different sentence imposed. *See United States v. Smalley*, 517 F.3d 208, 213 (3d Cir. 2008) (stating the standard for harmless error review is whether the district court would have arrived at the same sentence absent an invalid calculation under the guidelines). The District Court specifically concluded that "[e]ven were I to agree with the [policy] arguments . . . I don't see an argument here. The facts uncontestedly support each of the three enhancements." App'x 135.